Hamilton, J.
Plaintiff in error -brought an action in the common pleas court in ejectment, to recover possession of certain real estate in the possession of defendant under contract of sale, •and for relief by way of -cancellation of the contract of record.
The defendant had caused the -contract of sale to be recorded in the recorder’s office of Hamilton county, Ohio. The. prayer of the- petition asked for possession of said real estate and for -cancellation of said contract on the record, and other relief, alleging a breach of the contract by the defendant. The defendant answered, admitting the execution of the contract and that he claimed an interest in said real estate, and followed these admissions with a general denial; and by way of cross-petition claimed a waiver of the conditions, of the contract by the plaintiff, -claimed sundry payments were made, charged breach of contract by the plaintiff, and asked for recovery of the payments made. Plaintiff in reply made a general denial of the answer except as to the alleged payments. At the close of the evidence both sides requested an instructed' verdict.
Upon the issues joined a judgment for possession of the -real estate was rendered in favor of plaintiff; but cancellation of the contract on the record was refused and relief under the cross-petition was denied the defendant by the -trial *75 court. Exceptions were taken by both parties, and error is prosecuted to this court.
• The contract provided for monthly payments, and in case of default that the seller, the plaintiff below, should have the right- to re-enter the premises, and that all payments made should be forfeited as liquidated damages for the breach of the contract. An examination of the record discloses that defendant admitted default' in payments under the contract, but requested the trial court to enter judgment for the amount in default and. to order a sale of the property, etc. This request was properly overruled, as this- would be to treat the contract as a mortgage lien, and wé do not think the contract will bear that construction.
Further, all- the material allegations of the petition were admitted in open court by counsel for defendant. It ‘having been shown by the undisputed evidence and admission of the defendant that he had made default in his payments, resulting in a breach of the contract, the plaintiff was entitled under the terms of the contract to the possession of the premises. The breach of the contract having been shown, the plaintiff was entitled to have the contract delivered up and canceled. This was the holding in the case of Kirby v. Harrison, 2 Ohio St., 327, and also in the case of Hansbrough v. Peck, 5 Wall. (72 U. S.), 497. The plaintiff being entitled to have the contract delivered up and canceled, it was entitled to complete relief by having the contract canceled of record.
The judgment of the common pleas court will therefore be affirmed, except' as to the refusal of the court to enter cancellation of the contract on *76 the records, and as to that finding it will be reversed and a decree entered ordering cancellation of the contract on the record.

Judgment accordingly.

Jones, P. J., and Gorman, J., concur.